United States District Court

District

*Western District Of Texas*
*Austin Division*

# A17CV002 LY

Name (under which you were convicted): *Jose Trinidad Mederos-Ugarte*,

Place of Confinement: *Federal Transfer Center*
*P.O. Box 898801*
*Oklahoma City, OK 73189-8801*

Docket or Case No.: *No. 1:15-CR-00182-LY*

Prisoner No.: *53531-280*

UNITED STATES OF AMERICA

v.

Movant (include name under which convicted) *Jose Trinidad Mederos-Ugarte*,

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

*In The United States District Court*
*For The Western District Of Texas*
*Austin Division*

090                              1

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(b) Criminal docket or case number (if you know): _DIDC14207982 / DIDC14207983_

2. (a) Date of the judgment of conviction (if you know): _June 20, 2016_
    (b) Date of sentencing: _June 20, 2016_

3. Length of sentence: _144 Months Of Imprisonment To Run Consecutive With 60 Months Of Imprisonment_

4. Nature of crime (all counts): _____

    _18 U.S.C § 922 (g) and 21 U.S.C § 841 (a)_

    _____

    _____

    _____

    _____

    _____

5. (a) What was your plea? (Check one)

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(1)    Not guilty      (2) Guilty ✓     (3) Nolo contendere (no contest)

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

_____ *Plea Guilty To 18 U.S.C § 922 (g) and 21 U.S.C § 841 (a)*

_____

_____

_____

6.    If you went to trial, what kind of trial did you have? (Check one)    Jury    <u>Judge only</u>

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes    <u>No</u>

8.    Did you appeal from the judgment of conviction?    Yes    <u>No</u>

*I Requested To Appeal Through Counsel Of Record But Nothing Was File.*

9.    If you did appeal, answer the following:

(a) Name of court: _____ *N A* _____

(b) Docket or case number (if you know): _____ *N A* _____

(c) Result: _____ *N A* _____

(d) Date of result (if you know): _____ *N A* _____

(e) Citation to the case (if you know): _____ *N A* _____

(f) Grounds raised: _____ *N A* _____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?  Yes  No

If "Yes," answer the following:

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(1)     Docket or case number (if you know): _____ N A _____

(2)     Result: _____ N A _____

_____

(3)     Date of result (if you know): _____ N A _____

(4)     Citation to the case (if you know): _____ N A _____

(5)     Grounds raised: _____ N A _____

_____
_____
_____
_____
_____
_____

10.     Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
        Yes  No
             __

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____N/A_____

    (2)    Docket or case number (if you know): _____N/A_____

    (3)    Date of filing (if you know): _____N/A_____

    (4)    Nature of the proceeding: _____N/A_____

    (5)    Grounds raised: _____N/A_____
           _____
           _____
           _____
           _____
           _____
           _____
           _____

    (6)    Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes  No _____

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(7)     Result: _____ N / A _____

(8)     Date of result (if you know): ___ N / A _____
        (b) If you filed any second motion, petition, or application, give the same information:

(1)     Name of court: ___ N / A _____

(2)     Docket or case number (if you know): ___ N / A _____

(3)     Date of filing (if you know): ___ N / A _____

(4)     Nature of the proceeding: ___ N / A _____

(5)     Grounds raised: ___ N / A _____
        _____
        _____
        _____
        _____
        _____

090                             6

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

_____ N/A _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes  No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____
(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes  No

(2) Second petition: Yes  No

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
_____ N/A _____
_____
_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

**GROUND ONE:** *Ineffective Assistance Of Counsel*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

*Counsel Of Record Was Ineffective By Failing To File My Notice Of Appeal And By Failing To Object To The Consecutive Terms Of Imprisonment During My June 20, 2016 Sentencing Proceeding. See Attached Memorandum In Support.*

(b) **Direct Appeal of Ground One:**

*No.*

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes   No̲

(2)   If you did not raise this issue in your direct appeal, explain why:

*Because Counsel Fail To File My Notice Of Appeal Per My Numerous Requests*

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes   No̲

(2)   If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: *N/A*
Name and location of the court where the motion or petition was filed:
_____

090                                          8

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

_____N/A_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

 Yes  No<u> </u>

(4)   Did you appeal from the denial of your motion, petition, or application?

 Yes<u> </u> No

(5)   If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

 Yes  No<u> </u>

(6)   If your answer to Question (c)(4) is "Yes," state:

 Name and location of the court where the appeal was filed: ___N/A_____

_____

 Docket or case number (if you know): _____

 Date of the court's decision: _____

 Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal

                      N/A

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

or raise this issue: _____

_____

_____

**GROUND TWO:** _District Court Error_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____ *District Court Erred During My Sentencing Process By Failing To Group Both Counts To-Gether And Sentenced Me To A Consecutive Terms Of Imprisonment Of An 8# Month Greater Sentence Of Imprisonment. Please See Memorandum In Support Attached*

_____

(b) **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes  No

(2)   If you did not raise this issue in your direct appeal, explain why:
*Counsel Failed To File My Notice Of Appeal Per My Numerous Requests.*

_____

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes  No

(2)   If your answer to Question (c)(1) is "Yes," state:   *N / A*

090                                          **10**

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

(3)     Did you receive a hearing on your motion, petition, or application?

Yes  No̲

(4)     Did you appeal from the denial of your motion, petition, or application?

Yes  No̲

(5)     If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes  No̲

(6)     If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____N/A_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

_____

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
       or raise this issue: _____ N/A _____

       _____
       _____
       _____
       _____

       **GROUND THREE:** _____
       _____

       (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support
       your claim.): _____
       _____
       _____
       _____
       _____
       _____
       _____
       _____

       (b) **Direct Appeal of Ground Three:**

(1)    If you appealed from the judgment of conviction, did you raise this issue?
       Yes  No

(2)    If you did not raise this issue in your direct appeal, explain why:

       _____
       _____
       _____

       (c) **Post-Conviction Proceedings:**

(1)    Did you raise this issue in any post-conviction motion, petition, or application?
       Yes  No

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(2)     If your answer to Question (c)(1) is "Yes," state:
         Type of motion or petition: _____
         Name and location of the court where the motion or petition was filed:

         _____

         Docket or case number (if you know): _____
         Date of the court's decision: _____
         Result (attach a copy of the court's opinion or order, if available):

         _____
         _____
         _____

(3)     Did you receive a hearing on your motion, petition, or application?
         Yes  No

(4)     Did you appeal from the denial of your motion, petition, or application?
         Yes  No

(5)     If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
         Yes  No

(6)     If your answer to Question (c)(4) is "Yes," state:
         Name and location of the court where the appeal was filed: _____

         _____

         Docket or case number (if you know): _____
         Date of the court's decision: _____
         Result (attach a copy of the court's opinion or order, if available):

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

_____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

**GROUND FOUR:** _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes  No

(2) If you did not raise this issue in your direct appeal, explain why:
_____
_____
_____

(c) **Post-Conviction Proceedings:**

090                              **14**

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(1)　　Did you raise this issue in any post-conviction motion, petition, or application?
　　　　Yes　No

(2)　　If your answer to Question (c)(1) is "Yes," state:
　　　　Type of motion or petition: _____
　　　　Name and location of the court where the motion or petition was filed:

　　　　_____

　　　　_____
　　　　Docket or case number (if you know): _____
　　　　Date of the court's decision: _____
　　　　Result (attach a copy of the court's opinion or order, if available):

　　　　_____

　　　　_____

　　　　_____

(3)　　Did you receive a hearing on your motion, petition, or application?
　　　　Yes　No

(4)　　Did you appeal from the denial of your motion, petition, or application?
　　　　Yes　No

(5)　　If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
　　　　Yes　No

090　　　　　　　　　　　　　　　　**15**

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

_____
Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____
_____
_____
_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ N/A _____

_____

_____

_____

_____

_____

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging? Yes <u>No</u>

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ *N/A* _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: _____
    _____
    (b) At arraignment and plea: *RICHARD T. JONES*
    _____
    (c) At trial: _____ *N/A* _____
    _____
    (d) At sentencing: _____ *ARMANDO G. MARTINEZ*
    _____
    (e) On appeal: _____ *N/A* _____
    _____
    (f) In any post-conviction proceeding: _____ *N/A* _____
    _____
    (g) On appeal from any ruling against you in a post-conviction proceeding:
    *N/A*

090                                    **17**

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

_____
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes  No

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes  No
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
    _____
    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes  No

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion. *
    _____ N/A
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

090                                    18

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280



Therefore, movant asks that the Court grant the following relief: _THIS COURT WOULD VACATE IT'S_

_CONSECUTIVE SENTENCE, RESENTENCE HIM TO CONCURRENTLY FOR_

_SENTENCE OF THE 120 MONTHS WITH THE 60 MONTHS TO-GETHER,_

_GROUP BOTH COUNTS AND FIND THE HE WAS/IS ELIGIBLE FOR_

_THE 120 MONTH SENTENCE._

or any other relief to which movant may be entitled.

December 26. 2016          J Medenot

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53531280

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSE TRINIDAD MEDEROS-UGARTE.

    PETITIONER,

**A17CV002 LY**

CIVIL No.
CRIMINAL No. 1:15-CR-00182-LY

v.

UNITED STATES OF AMERICA.

    RESPONDENT.

PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION
UNDER 28 U.S.C.S § 2255

TO THE HONORABLE LEE YEAKEL.

    COMES NOW. JOSE TRINIDAD MEDEROS-UGARTE. herein through pro se representation moves this Court for a Motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C.S § 2255, and for good cause would show this Court as follows :

## I.

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C § 2255 .

## II.

### PROCEDURAL BACKGROUND

    On or about December 29, 2014. Petitioner was arrested and charged with for violating 18 U.S.C. §§ 922 (g) and 924(a)(2) and 21 U.S.C § 841(a), and on December 21, 2015 he entered into a plea of guilty for violating the above mention offenses.

    In June 20, 2016 this Court sentenced Petitioner to two consecutive terms of imprisonment of 144 months for the controlled substance and 60 months for the possession of a firearm.

1.

### III.
### GROUND ONE
### INEFFECTIVE ASSISTANCE OF COUNSEL
### APPEAL

Petitioner asserts that counsel of record Mr. Armando G. Martinez render ineffective assistance, by failing to to file notice of appeal upon his numerous requests, that said ineffectiveness prejudiced his defense, because Petitioner adequately expressed his desire to appeal and that, had counsel filed his notice of appeal there is a reasonable probability that an an appeal would have been prosecuted and appellant counsel would have had been appointed, and as a result of ineffectiveness Petitioner lost his appellant right to appeal. Federal Rules of Criminal Procedures 32 (q)(B) and (c).

In Ramirez v. United States, Civil No. 3:13-CV-2838-B-BN. (D.C. N.Tex 2015), the district court held, that "Movant's" counsel rendered ineffective assistance of counsel because of counsel's failure to file notice of appeal upon "Movant's" request.

Petitioner asserts he suffered that same ineffective assistance of counsel discussed in Ramirez, that counsel knew of Petitioner's desire to appeal, pursuant to Rule 32 (a)(B) and (c), but counsel did nothing, but for counsel's ineffectiveness Petitioner was prejudiced, and as a result lost his right to appeal in violation of the Fifth and Sixth Amendments of the United States Constitution.

### SENTENCING

Petitioner asserts that counsel of record Mr. Armando G. Martinez render ineffective assistance of counsel during his June 29,2016 sentencing proceedings because counsel failed to object to the two consecutive terms of 144 months and 60 months of imprisonment, that said ineffective assistance prejudiced his sentence, because had counsel move the court for a grouping on both counts, there would have had been a reasonable probability that the court would grouped both counts, to run concurrently, because the continuous in nature and the offense and the offense guideline is written to cover such behavior, pursuant to U.S.S.G. § 3D1.2, that as a result of said ineffectiveness Petitioner was sentenced to a consecutive term of imprisonments of 144 months, and 60 months, total of 204 months of imprisonment.

The United States Sentencing Guideline Section 3D1.2, states in relevant part :

> (d) "[I]The offense level is determined largely on the basis of the basis of the total amount of harm or loss, the quantity of a substance involved."

Offenses covered by the following guidelines are to be grouped under this subsection :

U.S.S.G. § 2D1.1 (c)(z) Drug Quantity Table.

> "[L]evel 36, if at least 15 KG but less than 45 KG of Methamphetamine (actual)."

U.S.S.G. § 2K2.1 (a)(4)(A) :

> "[T]he defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."

In United States v. Pacheco, Criminal No. 3:13-CR-157-P (01), (D.C. N.Tex. 2013), the district court found that Defendant's sentencing range of 97 to 121 months as to both counts was determined based on a criminal history category of II and a total offense level of 29. See Dkt. No 32, at 26-44; Dkt. No. 41, at 1. The base offense level of 22, however, was determined using the guidelines applicable to Defendant's felon-in-possession conviction, U.S.S.G. § 2K2.1, because both counts were "groupable" since "the offense level is determined largely on the measure of aggregate harm," and because Section 2K2.1 yields a higher offense level than Section 2D1.1. See Dkt. No 32.

Petitioner asserts that counsel knew or should have known that at all times prior and during his June 20, 2016 sentencing proceeding, that he was eligible for "grouping" sentencing guidelines application under U.S.S.G. § 3D1.2, because "the offense level was determined largely on the basis of the measure of aggregate harm". Section, but for counsel's ineffectiveness he received a higher sentence of 84 month of imprisonment.

## IV
### GROUND TWO
### DISTRICT COURT ERROR

Petitioner asserts that during his June 20, 2016 sentencing proceedings the district court plainly erred because it fail to group the one count of felon in possession of a firearm in violation of 18 U.S.C § 922 (g), and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C § 841 (a), that as a result of said error Petitioner was sentenced to 34 months greater than the concurrent sentence pursuant to U.S.S.G § 3D1.2, because both counts were "groupable". United States v. Pacheco, Criminal No. 3:13-CR-157-P(01). (D.C.N. Tex 2013).

To establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights. United States v. Davis, No. 15-13061 (5TH Cir. 2015). As to the first element, the district court's consecutive terms of 114 months and 60 month of imprisonment was error because both counts involved substantially the same harm with the meaning of U.S.S.G § 3D1.2, to be grouped together, as to the second element, the error is plain because Petitioner received a sentence of 34 months greater than he would have had received if the counts would have had been grouped together, and as to the third element, the courts erroneous determination of the consecutive terms of imprisonment, affected Petitioner's due process rights because because of it's failure to properly determined and inquing the United States Sentencing Guidelines, Section 3D1.2 for the "grouping" procedure and concurrent terms of imprisonment, in violation under the fifth Amendment of the United States Constitution. United States v. Pacheco, Criminal No. 3:13-CR-157-P(01 (D.C.N. Tex. 2013).

### PRAYER FOR RELIEF

Wherefore, Petitioner prays this court would grant the writ, find that counsel rendered ineffective assistance by failing to file his notice of appeal upon request, failed to object to the consecutive terms of imprisonment and group the grouping sentencing guidelines procedure, and would find the court's erroneous terms of consecutive of imprisonments.

December 26, 2016

RESPECTFULLY SUBMITTED,

J. Meleves

4.

Carlos Zuniga #31086-177
P.O. Box 898801
Oklahoma City, OK 73189-8801

December 27, 2016

RECEIVED

JAN 13 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

United States District Court
Office Of The Clerk
501 W. 5TH Street
Austin, Texas 78701

Re: 28 U.S.C. § 2255

Dear Clerk,

    Per my cellmate's request and his immidiate transfer to FCI-Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525, please find enclosed his pro se 28 U.S.C. § 2255.

Respectfully Submitted,



JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jose Trinidad Mederos-Ugarte

**(b)** County of Residence of First Listed Plaintiff  Out of State
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
USA

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

A17 CV002 LY

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☑ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product | | **LABOR** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 710 Fair Labor Standards | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | | Act | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | | ☐ 720 Labor/Management | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | | Relations | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | | ☐ 751 Family and Medical | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | | Leave Act | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -   Product Liability | | ☐ 790 Other Labor Litigation | Act |
| | Medical Malpractice | | ☐ 791 Employee Retirement | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | | Income Security Act | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | **FEDERAL TAX SUITS** | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☑ 510 Motions to Vacate | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | | | |
| | Employment    **Other:** | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other    ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | Actions | | |
| |    ☐ 560 Civil Detainee - | | | |
| |    Conditions of | | | |
| |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28.2255

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE  Yeakel

DOCKET NUMBER 1:15-cr-182-LY

DATE

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE Yeakel  MAG. JUDGE Austin

NAME: _____
REG# _____
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189-8801


UNITED STATES POSTAGE
U.S.
PE
PRI
PITI
02 1M
0004208000
MAILED FROM ZIP C
$
DE

SCREENED BY CSO
JAN 0 3 2017

NAME: _____
REG# _____
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189-8801

Oklahoma City P&DC 73125
THU 29 DEC 2016 PM

NAME: *CARLOS ZUNIGA*
REG# *34086-177*
FEDERAL TRANSFER CENTER
P.O. BOX 898801
OKLAHOMA CITY, OK 73189-8801

*LEGAL MAIL*
*12-27-2016*

*UNITED STATES DISTRICT COURT*
*OFFICE OF THE CLERK*
*501 WEST 5TH STREET*
*AUSTIN, TEXAS 78701*