RECEIVED
MAY 2 0 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY AO 243 (Rev. 5/85)
DEPUTY

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

A19CV0536LY
FILED

| United States District Court | District | WESTERN DISTRICT OF TEXAS |
|---|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Trinidad Jose Mederos | 53531-280 | |

Place of Confinement: Edgefield Federal Correctional Institution,

MAY 2 0 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA  v.  TRINIDAD JOSE MEDEROS
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court, Western District of Texas (Austin)

2. Date of judgment of conviction  June 24, 2016 (Reinstated October 6, 2017)

3. Length of sentence  Total 204 months incarceration.

4. Nature of offense involved (all counts)  Possession w/Intent to Distribute 500 grams or more Methamphetamine 21 USC 841(a)(1), 841(b)(1)(A); Possession of Firearm During Trafficking Offense 18 USC 924(c).

5. What was your plea? (Check one)
    (a) Not guilty     ☐
    (b) Guilty         ☒X
    (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury        ☐    N/A
    (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☐    N/A

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐    =

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court   United States Court of Appeals, Fifth Circuit

(b) Result   Appeal dismissed

(c) Date of result   July 9, 2018   Case #17-50905

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes", give the following information:

(a) (1) Name of court   U.S. District Court, Western District Texas

(2) Nature of proceeding   28 U.S.C. 2255 Motion   Case #1:17-CV-002

(3) Grounds raised   Ineffective assistance of counsel

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result   Motion granted.  Judgment reinstated for appeal.

(6) Date of result   October 6, 2017

(b) As to any second petition, application or motion give the same information:

(1) Name of court   N/A

(2) Nature of proceeding   N/A

(3) Grounds raised   N/A

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐
    (2) Second petition, etc.  Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT, U.S. CONSTITUTION.

Supporting FACTS (state *briefly* without citing cases or law)
See attached pages 5-1 thru 5-8

B. Ground two: MOVANT'S GUILTY PLEA WAS COERCED AND NOT MADE VOLUNTARILY IN VIOLATION OF THE FIFTH AMEND., US CONSTITUTION.

Supporting FACTS (state *briefly* without citing cases or law):
See attached pages 5-1 thru 5-8

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law):

(5)

28 USC 2255 Motion
Attached Page 5-1
------------------

GROUND ONE Supporting Facts:

1. Movant alleges that attorney Richard T. Jones failed to provide Movant with effective assistance of counsel by failing to adequately and properly advise Movant with respect to the nature of charges, the discovery material, and the various defenses to alleged charges.

   More specifically, attorney Jones did not adequately consult with Movant about the charges and evidence against Movant. The Movant tried to explain to attorney Jones that the 2 kilograms of methamphetamine did not belong to him; that police reports confirm that someone else (Ebirth Castaneda-Benitez) got into Movant's vehicle on December 29, 2014, and had the contraband with him. The police ultimately seized the contraband from the passanger's side of vehicle between Benitez' legs. The Indictment did not charge Movant with conspiracy nor did it charge theory of aiding & abetting.

2. Movant alleges that attorney Jones was ineffective for not conducting adequate investiagtions and research towards filing a motion to supress the contraband siezed on December 29, 2014. Movant repeatedly instructed attorney Jones to file motion to challenge/supress the evidence seized by police. According to police reports the Movant was surveiled in days leading up to seizure/arrest on December 29, 2014. Attorney Jones took no action or efforts to challenge the vailidity of probable cause or legality of the search and seizure on December 29, 2014.

```
28 USC 2255 Motion
Attached Page 5-2
------------------
```

3. Movant alleges that attorney Jones was ineffective for failing to prepare for Movant's criminal case and then coercing Movant to plead guilty when the time for criminal proceedings was at the Eleventh Hour. The Movant was forced to go to trial without a defense strategy and with a lawyer who had completly failed to prepare for Movant's trial or plead guilty.

4. Movant alleges that attorney Jones failed to properly handle the Movant's debriefing process which ultimately prejudiced the Movant's criminal proceedings becuase authorities refused to consider any further debreifing by Movant telling Movant that he (Movant) had "burned the bridges" and could not be considered for any further debriefing.

5. Movant alleges that attorney Jones was ineffective for failing to investigate and research Movant's criminal history/ background for purposes of potential sentence exposure and possible collateral attack in State Courts. At no time did attorney Jones advise Movant that the U.S. Attorney Could file an "851 Notice" and thereby increase the statutory minimum on controlled substance charges to twenty (20) years imprisonment. The U.S. Attorney's Office was able to coerce the Movant with threats to file 851 just days prior to scheduled trial as an unlawful tactic to pressure a guilty plea from Movant. Had Movant been made aware of the potential for 851 notification and sentence enhancement the Movant's criminal proceedings would have ended differently.

28 USC 2255 Motion
Attached Page 5-3
-------------------

6. Movant alleges that attorney Jones completly failed to apprise the Movant with regards to the United States Sentencing Guidelines (USSG) prior to Movant guilty plea. Attorney Jones failed to discuss any potential sentence variances or motions for downward departure, much less conduct any investigations and/or legal research towards such strategy.

7. Movant alleges that attorney Jones was ineffective for not objecting to the change-of-plea colloquy conducted by United States Magistrate Judge Mark Lee on December 21, 2015. The transcript of hearing clearly shows that Movant did not want to plead guilty to the charges; that Magistrate Judge Lee essentially coerced Movant to plead guilty and allowed the Assistant United States Attorney (Matt Harding) to openly threaten the Movant with additional charges and increased prison time if the Movant exercised his Constitutional Right to a Jury Trial and did not plead guilty that day. Tr. Vol. 12/21/15, pp. 1-35.

The Movant did not want to plead guilty to the controlled substances that belonged to Castaneda and did not have the gun with him to "further" any drug trafficking offense, however Magistrate Lee pressured Movant to plead guilty and agree to state on the record that the 2 kilograms belonged to him (Movant) and the firearm was there to protect the drugs. id.pp.30-33. Attorney Jones should have objected to the Magistrate Judge's undue influance on the Movant. It is obvious to any objective reader that Movant did not want to plead guilty and done so only

28 USC 2255 Motion
Attached Page 5-4
------------------

because: (1) attorney Jones had abandoned him; (2) the Assistant United States Attorney was openly threatoning him; and (3) the Magistrate Judge was coercing and unlawfully pursuading him.

8. Movant alleges that attorney Jones was ineffective for not objecting to the deficient guilty plea colloquy conducted on December 21, 2015, before Magistrate Judge Mark Lee: Change-of-plea hearings must conform with Rule 11, Federal Rules of Criminal Procedure and Due Process of Law Clause of the Fifth Amendment, United States Constitution.

Prior to the change-of-plea hearing before Magistrate Judge Lee the Movant was at a hearing before Judge Lee Yeakel, United States District Court Judge. (DE#175, Tr. Vol.12/21/15). At this earlier hearing attorney Jones informed the Court that he (attorney Jones) had been "fired" by the Movant who did not want attorney Jones representing him any longer. id. p. 4. Attorney Jones was retained by Movant in this case and had authority to dismiss counsel from further representation. At the time of the hearing before Judge Yeakel the attorney-client relationship between Jones and the Movant was irreconcilable and the court should have conducted inquiry to remove attorney Jones from any further representation of the Movant.

Instead of removing attorney Jones, the Court informed the Movant of what a "very good attorney" Mr. Jones was and that there was a "strong likelihood" that the Court would not grant any pro se motion to remove attorney Jones. id. p. 6. After forcing Movant to accept attorney Jones as counsel the Court

28 USC  2255 Motion
Attached Page 5-5
------------------

then allowed the U.S. Attorneys' Office to threaten Movant with additional charges and enhanced penalties while facing a jury trial in less then two (2) weeks--a jury trial with a lawyer who was not prepared and who had antimosity against his client (the movant) for firing him and not paying off retainer fees.

    Shortly after the hearing before Judge Yeakel the Movant was brought before Magistrate Judge Mark Lee to plead guilty. Prior to the change-of-plea hearing attorney Jones instructed Movant to say "yes and no" before the Magistrate and agree with whatever is asked or said. Attorney Jones essentially advised the Movant to be untruthful with the Court about matters that Movant had reservations about or the Magistrate Judge would not accept the plea and Movant will then face mandatory minumum sentence of 25-years up to Life imprisonment. Notwithstanding attorney Jones' directives, the Movant continued to maintain his innocence in response to Magistrate Lee's questions and advised the Court that he (Movant) was only pleading guilty because of what attorney Jones was telling him. id. pp. 20-21; 22-23; 28-29.

    Attorney Jones should have--but did not--object and stop the change-of-plea hearing due to Movant's obvious reluctance to plead guilty. Magistrate Judge Lee should not have accepted the Movant's guilty plea and attorney Jones was deficient for not objecting or otherwise preserving the issue for appellate review.
9. Attorney Jones was ineffective because of a conflict of interest between Movant and counsel which completly destroyed the attorney/client relationship that was completely broke-down by

28 USC 2255 Motion
Attached Page 5-6
------------------

the time of Movant's change-of-plea hearing on December 21, 2015, after Movant had formally "fired" attorney Jones from case.

10. Movant alleges that attorney Michael J. Morris was ineffective for failing to preform an pre-sentence investigation or make any efforts to assist the Movant with his criminal proceedings.

11. Attorney Morris was deficient for failing to file a motion to withdrawal Movant's guilty plea entered on December 21, 2015, before Magistrate Judge Mark Lee. Attorney Morris was advised by Movant as to the events surrounding his change-of-plea hearing and why he (Movant) felt that his guilty plea was not voluntarily entered. Nevertheless, attorney Morris took absolutely no steps to investigate the issue and did not bother to procure the change-of-plea hearing transcript in order to ascertain the facts related to issue.

12. Movant alleges that attorney Armando Martinez--who replaced attorney Morris--was ineffective for not making a record and preserving the ineffective assistance of counsel by previous attorneys Jones and Morris.

13. Attorney Martinez was ineffective for failing to research, investigate and file a motion to withdrawal Movant's guilty plea entered on December 21, 2015, before Magistrate Judge Mark Lee. Attorney Martinez was informed by the Movant about the hearings held on December 21, 2015, and that he (Movant) was coerced into pleadings guilty and the basis of such belief. Attorney Martinez assured Movant that he (Counsel) would "look in the matter" and

28 USC 2255 Motion
Attached Page 5-7
-------------------

take "appropriate action", however, the record shows that attorney Martinez took no action to investigate or research a motion to withdrawal Movant's guilty plea pursuant to <u>United States v. Carr</u>, 740 F.2d 339 (5th Cir. 1984). Attorney Martinez did not procure the hearing transcripts for December 21, 2015, which would be a necessary start to any strategy for withdraw of Movant's guilty plea.

14. Attorney Martinez was ineffective for failing to properly handle the debriefing process as previously scheduled by attorney Morris. Attorney Martinez deficient performance related to the Movant's debriefing process substantially prejudiced Movant's criminal proceedings insomuch as the Movant was deprived of the benefit of his previous discussions with AUSA Matt Harding, who felt--due to counsel's deficient preformance--that Movant "had burned his bridges".

15. Attorney Martinez was ineffective for failing to do anything to challenge Movant's guilty plea or file any motions to mitigate the Movant's sentence exposure and/or move for downward departure or sentencing variance. Attorney told Movant that he (counsel) would ask the Court for a variance and file motions for downward-departue and variance at appropriate time. Movant knows of no such motions being filed by attorney Martinez.

16. Attorney Martinez was ineffective for failing to file any objections to the United States Probation Office's Presentence Report (PSR)(DE#94/106). Movant did not get an opportunity to review the PSR with the advice of counsel and would have wanted

28 USC 2255 Motion
Attached Page 5-8
--------------------

counsel to make several objections to the PSR. For example, the PSR is not accurate with respect to Movant's prior criminal history and specific convictions/sentences that were used in the PSR to increase the Movant's Criminal History Catagory (CHC). Moreover, the PSR is erroneous on multiple factual grounds and now the Movant is left with the prison officials' using the PSR's information for custody and classification.

17. Attorney Martinez was ineffective for not properly and adequately representing the Movant at Movant's sentencing proceedings which resulted in the Movant getting a longer Guideline sentence that otherwise available had counsel made the appropriate motions/arguments.

18. Had the Movant been aforded competent and effective assistance of counsel he would not have pled guilty but rather exercised his Constitutional Rights--including but not limited to a Jury Trial.

GROUND TWO Supporting Facts:

1. Movant would reallege and state herein all the facts setforth in GROUND ONE above in support of his allegtion that Movant's guilty plea was not informed, intelligent, knowing or voluntarily made as required by the Due Process of Law Clause of the Fifth Amendment, United States Constitution. See Boykin v. Alabama, 395 US 238, 342 (1969).

2. Based on attorney Richard T. Jones' deficient performance related to Movant's guilty plea such plea was not voluntarily made. Had it not been for counsel's deficient representation Movant would not have pled guilty and went to trial. Hill v. Lockhart, 474 US 52, 65 (1985).

AO 243 (Rev. 5/S5)

    D. Ground four: _____

_____

    Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

    N/A

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing    Richard Jones

    (b) At arraignment and plea    Richard Jones/Michael J. Morris

    (c) At trial _____

    (d) At sentencing    Armando Martinez

(6)

AO 243 (Rev. 5/85)

(e) On appeal  Federal Public Defender, Western District Texas

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:
        N/A

    (b) Give date and length of the above sentence: N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐ No ☐     N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Pro Se
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

5-15-19
(date)

J. Mederos
Signature of Movant

Trinidad Jose Mederos