IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE TRINIDAD MEDEROS-UGARTE | § | |
| | § | A-19-CV-536 LY |
| V. | § | (1-15-CR-182(1) LY) |
| | § | |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Jose Trinidad Mederos-Ugarte's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Dkt. 182; Motion to Appoint Counsel, Dkt. 196; and Motion for Hearing, Dkt. 197. The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

### I. GENERAL BACKGROUND

On July 7, 2015, Mederos-Ugarte was indicted on one count of possession with intent to distribute methamphetamine, 21 U.S.C. § 841, and one count of possession of firearm in furtherance of drug trafficking, 18 U.S.C. § 924. Dkt. 1. Mederos-Ugarte pled guilty on both counts on December 21, 2015. Dkt. 68. On June 23, 2016, District Judge Lee Yeakel sentenced Mederos-Ugarte to 144 months on Count One and 60 months on Count Two, to be served consecutively, for a total term of 204 months imprisonment, followed by a five-year term of supervised release with special conditions, a special assessment of $200, and an Order of Forfeiture. Dkts. 122, 124.

Mederos-Ugarte remains incarcerated at the Federal Correctional Facility in Edgefield, South Carolina.

Mederos-Ugarte filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on January 3, 2017, alleging that his attorney failed to file an appeal as instructed to by Mederos-Ugarte. Dkt. 131, at 3. Mederos-Ugarte later amended his motion to include claims of ineffective assistance of counsel by his first counsel, Armando Martinez, as well as by his third counsel, Richard Jones. Dkt. 137, at 11-19. The parties then agreed to allow Mederos-Ugarte to file an out-of-time appeal and dismiss his Motion to Vacate. Dkt. 160. On October 10, 2017, Mederos-Ugarte filed his appeal, Dkt. 162, which the Fifth Circuit dismissed as frivolous on July 31, 2018, Dkt. 178.

Mederos-Ugarte then filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 on May 20, 2019, alleging ineffective assistance of counsel by his trial counsel. Dkt. 182, at 2. Specifically, Mederos-Ugarte claims that Jones rendered ineffective assistance by failing to investigate and properly advise Mederos-Ugarte regarding the Sentencing Guidelines, thus rendering Mederos-Ugarte's plea of guilty involuntary. *Id.* at 5-12. The motion was transferred to the Fifth Circuit as second or successive to Mederos-Ugarte's original § 2255 motion. Dkt, 187. The Fifth Circuit determined that Mederos-Ugarte's ineffective assistance of counsel claim was not successive within the meaning of § 2255(h) and accordingly remanded this claim to the district court for consideration of the merits. Dkt. 188.

## II. LEGAL STANDARD

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and

(4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). However, a defendant's ineffective assistance of counsel claim does create a constitutional issue and is cognizable pursuant to Section 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III. ANALYSIS

Mederos-Ugarte contends his sentence should be vacated because Jones provided poor and ineffective legal representation. Dkt. 182, at 5-12. The Government responded that Mederos-Ugarte's claims are belied by the record and that Jones's performance was not poor or ineffective. Dkt. 190, at 3-11.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show: (1) counsel's performance was deficient; and (2) the deficient performance so prejudiced his defense that the result of the trial would have been different in the absence of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984); *see also United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). ("In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."). In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability

3

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A failure to establish either deficient performance or resulting prejudice defeats the claim." *Chavez*, 193 F.3d at 378.

      Here, Mederos-Ugarte has failed to show that his counsel's performance was deficient. Mederos-Ugarte claims that his former counsel "completely failed to apprise [him] with regards to the United States Sentencing Guidelines (USSG) prior to [his] guilty plea," and did not inform him of "any potential sentence variances or motions for downward departure, much less conduct any investigations and/or legal research towards such strategy." Dkt. 182, at 7. As the government points out, however, Jones confirmed during the December 21, 2016, plea hearing that he had reviewed the USSG with Mederos-Ugarte, as well as the "important rights that [Mederos-Ugarte] has" and the "rights he'll be giving up by entering a plea." Dkt. 139, at 4-5; Dkt. 190, at 4. At the hearing, Mederos-Ugarte confirmed that he had spoken with this attorney "carefully" about the charges in his indictment and was satisfied with Jones's representation. Dkt. 139, at 5-6. Mederos-Ugarte also claims that the hearing transcript "clearly shows" that he "did not want to plead guilty," and that his attorney was "ineffective for not objecting" to his plea. Dkt. 182, at 7. However, the transcript in fact reveals that Mederos-Ugarte voluntarily entered a guilty plea after conferring with Jones, who informed him of the risks of proceeding to trial and facing enhancement that would raise the mandatory minimum of his charges. Dkt. 139, at 20-21 ("Are you pleading guilty to both of those charges freely and voluntarily? Yes.").

      The "[s]olemn declarations" Mederos-Ugarte and Jones made "in open court carry a strong presumption of verity," and here Mederos-Ugarte has failed to offer any specific factual allegations to support his contention that Jones's representation was deficient, especially in light of Mederos-Ugarte's own statements confirming that his attorney informed him of his rights before he pled

4

guilty. Dkt. 139, at 5-6; *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mederos-Ugarte's "conclusory allegations unsupported by specifics" are thus "subject to summary dismissal" without an evidentiary hearing. *Blackledge*, 431 U.S. at 74; *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985) (affirming denial of evidentiary hearing where defendant failed to offer "specific factual allegations supported by the affidavit of a reliable third person" to support allegations contradicting his testimony under oath.). Because Mederos-Ugarte has failed to show that his counsel's performance was deficient, the Court need not address the second prong of his ineffective assistance of counsel claim. *Chavez*, 193 F.3d at 378.

Accordingly, Mederos-Ugarte's Motion to Vacate and Motion for Hearing should be denied, while his Motion to Appoint Counsel should be denied as moot.

## III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Mederos-Ugarte's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, Dkt. 182; **DENY** Mederos-Ugarte's Motion for Hearing, Dkt. 197; and **DENY** as **MOOT** Mederos-Ugarte's Motion to Appoint Counsel, Dkt. 196.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error,

shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED September 1, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE